**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 1:18-cv-01250-RM-STV

STEVEN A. KLENDA, LLC d/b/a Adroit Advocates, LLC, and
ADROIT ADVOCATES, LLC,

    Plaintiffs,

v.

DANIEL LARSCHEID, DDS, and
FLOSS DENTAL, LLC, a Minnesota limited liability company d/b/a Woodland Family Dental,

    Defendants,

v.

STEVEN A. KLENDA, LLC d/b/a Adroit Advocates, LLC,
ADROIT ADVOCATES, LLC, and
STEVEN A. KLENDA,

    Counterclaim Defendants.

---

## ORDER
---

This matter is before the Court on Counterclaim Defendants' motion for summary judgment on Defendants' counterclaim for breach of contract and for a determination that they are entitled to recover attorney fees if they successfully defend themselves against Defendants' counterclaims. For the reasons below, the Court grants summary judgment in favor of Counterclaim Defendants on Defendants' breach of contract claim and denies the motion for summary judgment with respect to the attorney fees issue.

## I.   LEGAL STANDARD

Summary judgment is appropriate only if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132, 1136 (10th Cir. 2000); *Gutteridge v. Oklahoma*, 878 F.3d 1233, 1238 (10th Cir. 2018). Applying this standard requires viewing the facts in the light most favorable to the nonmoving party and resolving all factual disputes and reasonable inferences in its favor. *Cillo v. City of Greenwood Vill.*, 739 F.3d 451, 461 (10th Cir. 2013). "The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (citation omitted). A fact is "material" if it pertains to an element of a claim or defense; a factual dispute is "genuine" if the evidence is so contradictory that if the matter went to trial, a reasonable jury could return a verdict for either party. *Anderson*, 477 U.S. at 248.

## II.   BACKGROUND

In May 2013, Defendant Larscheid, a dentist, retained Plaintiffs to represent him in two lawsuits, including one against Channel 7 News. At that time, Defendant Larscheid had sold his former firm and was unemployed. Pursuant to a fee agreement, he granted Plaintiffs a Uniform Commercial Code security interest in "all receivables, accounts, intangibles and other things of value" in any new dentistry practice that he eventually purchased. (ECF No. 70 at ¶ 14.) The fee agreement also provides that Plaintiffs "shall be entitled to [their] reasonable attorneys' fees and

2

costs or expenses incurred for collection, including attorneys' fees for any time spent representing [themselves], whether or not suit is brought." (*Id.* at ¶ 50.)

In January 2014, Defendant Larscheid, through Defendant Floss Dental, LLC, purchased the assets of Woodland Family Dental. That same month, the trial court dismissed the lawsuit against Channel 7 News. A fee dispute then arose, prompting Plaintiffs to withdraw from representing Defendant Larscheid and file this lawsuit. Plaintiffs allege that as of February 28, 2018, Defendant Larscheid owed them at least $174,272.34, asserting claims for replevin, declaratory judgment, fraudulent transfer, and breach of contract.

Defendant Larscheid asserts three counterclaims for malpractice, breach of contract, and vicarious liability. (ECF No. 74.) To support his malpractice claim, Defendant Larscheid alleges that Counterclaim Defendants "breached their duty to [Defendant] Larscheid by failing to act in accordance with the standard of care." (ECF No. 74 at ¶ 24.) To support his breach of contract claim, Defendant Larscheid alleges that Counterclaim Defendants "failed to use reasonable care and failed to represent [Defendant] Larscheid pursuant to a standard of acceptable practice for attorneys doing similar work under similar circumstances." (*Id.* at ¶ 30.)

In their summary judgment motion, Counterclaim Defendants raise two issues: first, whether Defendant Larscheid's breach of contract claim should be dismissed because it is subsumed by his malpractice claim, and second, whether Counterclaim Defendants, if successful in defending Defendant Larscheid's claims, will be able to recover their costs and attorney fees under the fee agreement.

### III. DISCUSSION

There is no dispute that Colorado substantive law applies in this case.

### A.     Breach of Contract Claim

Under Colorado law, malpractice claims against an attorney generally sound in tort. *See McLister v. Epstein & Lawrence, P.C.*, 934 P.2d 844, 847 (Colo. App. 1996). A breach of contract claim against an attorney may be brought only if it is "based on a specific term in the contract." *Id.* However, a breach of contract claim premised on a contract provision that simply restates the duties of care and loyalty that attorneys owe to their clients is subsumed by a malpractice claim. *See id.*

In his counterclaims, Defendant Larscheid does not identify any specific provisions of the fee agreement that Counterclaim Defendants allegedly violated. Rather, he alleges merely that Counterclaim Defendants "failed to use reasonable care and failed to represent [Defendant] Larscheid pursuant to a standard of acceptable practice for attorneys doing similar work under similar circumstances." (ECF No. 74 at ¶ 30.) This is not an adequate basis for a breach of contract claim because it is premised on the duties of care and loyalty that attorneys owe their clients.

In response to Plaintiffs' motion for summary judgment, Defendants cite several provisions of the fee agreement in support of the breach of contract claim. First, they cite a provision stating that Counterclaim Defendant Klenda will "be the attorney primarily responsible for this matter [and] work with other attorneys or paralegals as appropriate." (ECF No. 109 at 6.) But this provision does not "include an undertaking to perform a specific act or achieve a particular result," *McLister*, 934 P.2d at 847. Defendants' attempt to shoehorn this case into the

4

holding of *General Steel Domestic Sales, LLC v. Hogan & Hartson, LLP*, 230 P.3d 1275, 1278 (Colo. App. 2010), is unavailing.  Although the agreement in that case provided that a specific attorney would "have primary responsibility for the matter," the attorney worked on the case for only two months before moving to another office and effectively terminating his involvement in the case.  *Id.*  Nothing like that occurred here.  Defendants' contention that a contract attorney rather than Counterclaim Defendant Klenda performed most of the work on Defendant Larscheid's case is not based on a specific term of the contract.  Having "primary responsibility" and working with other attorneys "as appropriate" are not specific acts that can support a contract claim under the circumstances here.  Defendants also cite a provision stating that "[f]ees and expenses shall generally be billed monthly."  (ECF No. 109 at 7.)  But this provision also fails to include an undertaking to perform a specific act or achieve a particular result.  The Court finds that in this context, the word "generally" renders the provision nonspecific for the purpose of stating a contract claim that is separate and distinct from Defendant Larscheild's malpractice claim.

   Finally, Defendants argue that Counterclaim Defendant Klenda breached the fee agreement by "fil[ing] a UCC-1 statement against entities of Woodland Family Dental, which [Defendant] Larscheid did not own at that time, and against Floss Dental, LLC, which did not exist at the time of the fee agreement."  (*Id.*)  But, again, Defendants fail to cite a specific term of the fee agreement that was allegedly breached.

   Accordingly, the Court finds Defendants' contract claim is subsumed with their malpractice claim, and therefore Counterclaim Defendants are entitled to summary judgment.

### B. Costs and Attorney Fees

Counterclaim Defendants also seek a determination that, should they prevail on the malpractice claim, they will be entitled to costs and attorney fees under the fee agreement. However, because it remains to be seen whether Counterclaim Defendants will in fact prevail, the Court finds this issue is not yet ripe. "In determining whether an issue is fit for judicial review, the central focus is on whether the case involves uncertain or contingent future events that may not occur as anticipated, or indeed may not occur at all." *New Mexicans for Bill Richardson v. Gonzales*, 64 F.3d 1495, 1499 (10th Cir. 1995). Therefore, Counterclaim Defendants are not entitled to summary judgment on this issue.

## IV. CONCLUSION

The Court GRANTS Counterclaim Defendants' request to dismiss Defendant Larscheid's breach of contract claim and makes no determination as to whether Counterclaim Defendants might be entitled to attorney fees at the conclusion of this case.

DATED this 6th day of August, 2020.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge

6